Argued and submitted June 11, affirmed August 18, 1980

REAL TIMBER LTD., et al,
*Respondents,*

*v.*

MONROE,
*Appellant.*

(No. 78-7324, CA 15964)

615 P2d 414

Clinton D. Simpson, Eugene, argued the cause for appellant. Roy Dwyer, P. C., Eugene, filed appellant's

brief. Clinton D. Simpson, Eugene, filed appellant's reply brief. With him on the reply brief was Roy Dwyer, P.C., Eugene.

Michael W. Doyle, Eugene, argued the cause and filed the brief for respondents. With him on the brief was Bick & Monte, P.C., Eugene.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

This is a suit to quiet title. The defendant has appealed from the trial court's decree quieting title to the plaintiffs' real property free of any claim of the defendant. We affirm.

*Asterisk, Inc.* owned real property in Lane County. In August 1977 the defendant obtained a judgment in California against *Asterisk Systems, Inc.* On December 22, 1977, the defendant filed proceedings in Lane County to enforce the California judgment. On January 3, 1978, *Asterisk, Inc.* delivered into escrow a deed to sell its land in Lane County to the plaintiffs. On February 13, 1978, the defendant's California judgment was registered in Lane County. On February 17, 1978, the escrow was closed and the deed was delivered to the plaintiffs. The defendant's judgment against *Asterisk Systems, Inc.* was not paid.

The plaintiffs' amended complaint alleged that they were the owners in fee simple of the land purchased from *Asterisk, Inc.* and that the defendant claimed an interest in the land by virtue of the registration of the foreign judgment against *Asterisk Systems, Inc.* It was further alleged that " * * * Defendant's claim is without merit. Defendant has no estate, title, claim, lien or interest in the real property * * *."

No answer by the defendant to the plaintiffs' amended complaint appears in the record in this court.[1]

---

[1] The defendant argues that the plaintiffs are not entitled to a decree quieting title because the plaintiffs did not carry their burden of proof by proving the allegation of the amended complaint defendant's claim is without merit.

We cannot consider the burden of proof question because there is no answer by the defendant to the amended complaint in the record before this court.

We could speculate that the parties stipulated that the answer to the original complaint would be the answer to the amended complaint. The answer to the original complaint was a general denial. It would be inappropriate to file a general denial to the amended complaint—it would deny that the defendant claimed an interest in the property.

■ We review de novo. For the defendant's judgment against *Asterisk Systems, Inc.* to be a lien against the real property which the plaintiffs purchased from *Asterisk, Inc.* the evidence must establish that (1) the plaintiffs had actual or constructive notice of the registration of the California judgment at the time they purchased the property, and (2) *Asterisk Systems, Inc.* and *Asterisk, Inc.* were in fact the same corporation.

The uncontradicted testimony of the plaintiffs' witness was that the plaintiffs did not have actual notice of the judgment against *Asterisk Systems, Inc.*

The trial court found the plaintiffs did not have constructive notice of the judgment.

"To be constructive notice * * * and to bind persons not otherwise possessed of notice, the record must designate the judgment debtor by the same name as that under which he holds title, or by one so similar that the law presumes identity or holds a purchaser to be on inquiry as to the facts." 2 *Patton on Titles* §572 at 490 (1957 ed.).

■ ■ We hold that the names of *Asterisk Systems, Inc.* and and *Asterisk, Inc.* are not so similar as to presume identity. However, if we assume for the sake of argument that the names are similar enough to put the plaintiffs on inquiry, then there is no competent evidence in the record that they were in fact the same corporation. [2]

The defendant calls our attention to the following question by his counsel and the answer of the plaintiff Lentz on cross-examination:

---

[2] Documentary evidence in the record shows that the California judgment was entered against K. N. Hronopoulos as a party defendant jointly with *Asterisk Systems, Inc.* and that K. N. Hronopoulos signed the escrow agreement and the deed as chairman of the board of directors for *Asterisk, Inc.* There is nothing in the record which shows that if the plaintiffs had followed this lead they could have determined that the corporations were one and the same. (The California judgment was not registered in Oregon against K. N. Hronopoulos.)

"Q. And you're aware that Asterisk did business as Asterisk Systems, Inc. in California?

"A. No, I wasn't aware. I am now because I've been told."

This testimony only shows at best knowledge after the fact—the trial was held in June 1979 and the transfer of the property was in February 1978. We find that this hearsay statement proves nothing.

As there is no proof that an inquiry by the plaintiffs would have lead them to find that *Asterisk Systems, Inc.* and *Asterisk, Inc.* were one and the same corporation, the decree of the trial court is affirmed.

Affirmed.